**Debra VILLAREAL, Plaintiff–
Appellant,**

v.

**DUKE ENERGY CORPORATION,
Defendant–Appellee.**

**No. 06–20147
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2007.

Ellen Sprovach, Gregg M. Rosenberg &
Associates, Houston, TX, for Plaintiff–Appellant.

Victoria Phipps, Epstein Becker Green
Wickliff & Hall, Houston, TX, for Defendant–Appellee.

Before DeMOSS, STEWART, and
PRADO, Circuit Judges.

PER CURIAM: *

Plaintiff Debra Villareal, a Hispanic
woman, appeals the district court's order
granting summary judgment on her Title
VII claims in favor of her employer, Duke
Energy Corporation ("Defendant"). Villareal alleges the Defendant violated Title
VII, 42 U.S.C. § 2000e–2, by discriminating against her on the basis of sex and
national origin. Villareal claims that she
was forced to resign after the Defendant
found that she violated its Code of Business Ethics by failing to report a co-worker's misconduct to a supervisor. Villareal
denies that her actions violated Defendant's Code of Business Ethics, and claims
that she was forced to resign while two
white employees who engaged in similar
conduct were not disciplined.

The district court concluded that Villareal failed to establish a prima facie case of
discrimination based on disparate discipline because (1) she could not show that
the white employees were treated more
favorably under "nearly identical circumstances," *see Mayberry v. Vought Aircraft
Co.,* 55 F.3d 1086, 1090 (5th Cir.1995), and
(2) she failed to show that she did not
violate the Code of Business Ethics. The
district court also found that, even if Villareal had established a prima facie case of
discrimination, she failed to rebut Defendant's legitimate non-discriminatory reason for forcing her resignation.

After careful review of the briefs and
the record, we agree with the district court
that Villareal has failed to present evidence sufficient to establish a prima facie
case under Title VII, or raise a genuine
issue that she was forced to resign for a
reason other than her violation of Defendant's Code of Business Ethics. Accordingly, we affirm.

**AFFIRMED.**

---

* Pursuant to 5th Cir. R. 47.5, the Court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5th Cir.
R. 47.5.4.